IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MICHAEL DRURY ALSMAN & ) | |
| CAROL LYNNE ALSMAN, ) | |
| ) | CASE NO. BK08-81534-TJM |
| Debtor(s). ) | A08-8040-TJM |
| MICHAEL DRURY ALSMAN & ) | |
| CAROL LYNNE ALSMAN, ) | |
| ) | |
| Plaintiffs, ) | CH. 13 |
| ) | |
| vs. ) | |
| ) | |
| HOME COMINGS FINANCIAL, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff-debtors' motion for summary judgment (Fil. #6). No resistance was filed. Erin M. McCartney represents the debtors. There has been no appearance for the defendant. Evidence and a brief was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

There are two perfected liens on the debtors' home: the first is held by First Horizon Home Loans in the amount of $202,327, and the second is held by Home Comings Financial, in the amount of $52,997. The property was valued at $198,500 in an appraisal performed for the debtors in June 2008. Accordingly, the debtors assert that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906

(1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Here, the debtors are correct. There is a substantial body of case law permitting a wholly unsecured lien to be stripped off in a Chapter 13 case. See, e.g., McDonald v. Master Fin'l, Inc. (In re McDonald), 205 F.3d 606 (3d Cir. 2000); Am. Gen. Fin., Inc. v. Dickerson (In re Dickerson), 222 F.3d 924 (11th Cir. 2000); Griffey v. U.S. Bank (In re Griffey), 335 B.R. 166 (B.A.P. 10th Cir. 2005); Domestic Bank v. Mann (In re Mann), 249 B.R. 831 (B.A.P. 1st Cir. 2000); Lam v. Investors Thrift (In re Lam), 211 B.R. 36 (B.A.P. 9th Cir. 1997); Black v. Conseco Fin. Serv'g Corp. (In re Black), 260 B.R. 134 (Bankr. E.D. Ark. 2001); McCarron v. Firstplus Fin. (In re McCarron), 242 B.R. 479 (Bankr. W.D. Mo. 2000); In re Sanders, 202 B.R. 986 (Bankr. D. Neb. 1996).

The lienholder has not demonstrated the existence of any factual dispute, as it did not respond to the motion for summary judgment, and the debtors are entitled to judgment.

IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. #6) is granted. Separate judgment will be entered.

DATED:   November 6, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
Erin M. McCartney
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.